# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| MARCUS DEWAYNE MCQUEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:23-cv-00571-LCB-HNJ |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Marcus Dewayne McQueen ("McQueen"), a prisoner at Limestone Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In addition, McQueen filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 2). McQueen alleges in his complaint that medical personnel within the Alabama Department of Corrections ("ADOC") neglect prisoners' medical needs because doctors are never present to see prisoners. (Doc. 1 at 4). McQueen furthers alleges he tested positive for STDs but no doctor has treated him. (Doc. 1 at 3-4). McQueen seeks $11 billion in monetary damages. (Doc. 1 at 4).

The Prison Litigation Reform Act ("PLRA") places certain restrictions on prisoners' civil rights actions filed in federal court. For example, the PLRA amended the *in forma pauperis* statute to add a "three strikes" provision:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision requires a prisoner who has had three or more previous cases dismissed as meritless to pay the full filing fee at the time he files a new lawsuit. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) (concluding the "proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)" as the prisoner "must pay the filing fee at the time he *initiates* the suit" (emphasis in original)); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) ("After the third meritless suit, the prisoner must pay the full filing fee at the time he *initiates* suit." (citing 28 U.S.C. § 1915(g); 28 U.S.C. § 1915(e)(2)(B)(ii)) (emphasis added)). As indicated, the only exception to this rule arises when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of federal court records reveals McQueen filed at least three cases or appeals that courts have dismissed as frivolous or for failing to state a claim upon which relief may be granted, including:; *McQueen v. City of Birmingham*, No. 2:14-cv-01201-VEH-JEO (N.D. Ala. filed June 24, 2014) (dismissed on March 9, 2015, pursuant to § 1915A(b)(1) for failing to state a claim upon which relief can be granted (docs. 19, 20, 21)); *McQueen v. Dunn*, No. 1:18-cv-00109-TFM-MU (S.D. Ala. filed March 8, 2018)

2

(dismissed on September 16, 2019, as frivolous pursuant to § 1915(e)(2)(B)(i) and for failure to state a claim on which relief may be granted pursuant to § 1915(e)(2)(B)(ii) (docs. 23, 25, 26)); and *McQueen v. Jefferson Cnty. Sheriff's Dep't*, No. 2:18-cv-02019-MHH-GMB (N.D. Ala. filed Dec. 7, 2018) (dismissed on January 29, 2020, pursuant to § 1915A(b)(2) for failing to state a claim upon which relief could be granted (docs. 9, 12, 13, 15)).[1]

Moreover, on at least six separate occasions federal courts in Alabama invoked 28 U.S.C. § 1915(g) to dismiss cases filed by McQueen, including: *McQueen v. Wright*, No. 1:20-cv-00157-TFM-N (S.D. Ala. filed March 17, 2020) (dismissed on March 2, 2021, pursuant to 28 U.S.C. § 1915(g) as McQueen failed to pay the filing fee at the time he filed the action (docs. 18, 21, 22)); *McQueen v. St. Vincent Hosp.*, No. 2:20-cv-00371-MHH-SGC (N.D. Ala. filed March, 18, 2020) (dismissed on July 29, 2020, for failure to pay the filing fee after the court determined 28 U.S.C. § 1915(g) barred McQueen from proceeding *in forma pauperis* (docs. 5, 6)); *McQueen v. Dep't of Corr.*, No.

---

[1] If dismissed for frivolity, maliciousness, or failure to state a claim upon which relief may be granted, a case counts as a strike for purposes of 28 U.S.C. § 1915(g) whether dismissed with or without prejudice. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020) ("A strike-call under Section 1915(g) thus *hinges exclusively on the basis for the dismissal*, regardless of the decision's prejudicial effect.") (emphasis added). Furthermore, cases dismissed for frivolity, maliciousness, or failure to state a claim upon which relief may be granted count as strikes for purposes of 28 U.S.C. § 1915(g) even if dismissed prior to the enactment of 28 U.S.C. § 1915(g). *Rivera v. Allin*, 144 F.3d 719, 730 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) ("concluding that under section 1915(g), federal courts may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted prior to April 26, 1996 [the effective date of the PLRA]" (citations omitted)).

1:20-cv-00338-CG-MU (S.D. Ala. filed June 30, 2020) (dismissed on August 19, 2020, pursuant to 28 U.S.C. § 1915(g) as McQueen failed to pay the filing fee at the time he filed the action (docs. 8, 10, 11)); *McQueen v. Ala. Dep't of Corr.*, No. 1:20-cv-00363-KD-B (S.D. Ala. filed July 20, 2020) (dismissed on August 28, 2020, pursuant to 28 U.S.C. § 1915(g) as McQueen failed to pay the filing fee at the time he filed the action (docs. 6, 7, 8)); *McQueen v. Grocery Store*, No. 2:20-cv-01034-RDP-SGC (N.D. Ala. filed July 21, 2020) (dismissed on August 24, 2020, pursuant to 28 U.S.C. § 1915(g) as plaintiff failed to pay the filing fee at the time he filed the action (docs. 6, 7, 8)); and *McQueen v. Mathis*, No. 5:22-cv-00958-ACA-HNJ (N.D. Ala. filed July 29, 2022) (dismissed on October 13, 2022, pursuant to 28 U.S.C. § 1915(g) as plaintiff failed to pay the filing fee at the time he filed the action (docs. 4, 8, 9)).

Because McQueen has at least three strikes under § 1915(g), and he did not pay the filing fee upon commencement of this action, his case cannot proceed unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021) *cert denied* 142 S. Ct. 2716 (2022) ("A prisoner with three strikes can avoid § 1915(g)'s bar to proceeding IFP only by showing that he is under imminent danger of serious physical injury." (internal quotation marks omitted)); *Mitchell v. Nobles*, 873 F.3d 869, 872 (11th Cir. 2017) ("Thus, the sole exception to the three strikes bar is where 'the prisoner is under imminent danger of serious physical injury.'" (quoting 28 U.S.C. § 1915(g))). The allegations in McQueen's

complaint do not demonstrate he faces imminent danger of serious physical injury.  (*See* Doc. 1).

For the foregoing reasons, the undersigned **RECOMMENDS** the court **DENY** McQueen's motion to proceed *in forma pauperis*, (doc. 2).  Because McQueen did not pay the filing and administrative fees of $402 when he filed his complaint, the undersigned **FURTHER RECOMMENDS** the court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within **14 days.**  The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection.  The plaintiff also must identify every claim in the complaint that the report and recommendation has not addressed.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order.  Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice.  11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

**DONE** this 8th day of May, 2023.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE