# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MARCUS DEWAYNE MCQUEEN,** § § | |
| **Plaintiff,** § § | |
| v. § § | Case No.  5:23-cv-00571-LCB-HNJ |
| **ALABAMA DEPARTMENT OF CORRECTIONS, et al.,** § § § § | |
| **Defendants.** § | |

## ORDER OF DISMISSAL

The Magistrate Judge entered a report on May 8, 2023, recommending the court deny Plaintiff Marcus Dewayne McQueen's ("McQueen") motion to proceed *in forma pauperis* and dismiss this action without prejudice pursuant to the three strikes provision of 28 U.S.C. § 1915(g).  (Doc. 4).  Although the Magistrate Judge advised McQueen of his right to file written objections within 14 days, the court has not received any objections.  This matter is currently before the court for review of the Magistrate Judge's Report and Recommendation, (Doc. 4), McQueen's "Motion for Trial," (Doc. 5), and McQueen's most recent filing complaining of his allegedly wrongful incarceration, (Doc. 6).

In his Motion for Trial, McQueen appears to argue his case should be set for trial because the court would be acting as an attorney for the defendants if it should

dismiss this case without a trial.¹ (*See* Doc. 5 at 2-3). McQueen's argument lacks merit. The Court dismisses this case for failure to pay the filing fee, and does wo *without* prejudice. *See infra*. Accordingly, the court **DENIES** McQueen's Motion for Trial. (Doc. 5).

To the extent McQueen seeks release from prison due to his allegedly wrongful incarceration, (*see generally* doc. 6), the court cannot grant him the relief he seeks in an action brought pursuant to 42 U.S.C. § 1983.² As the Eleventh Circuit Court of Appeals explained in *Hutcherson v. Riley*:

> When an inmate challenges the "circumstances of his confinement" but not the validity of his conviction and/or sentence, then the claim is

---

¹ McQueen's assertions regarding his mother's allegedly wrongful cremation in his Motion for Trial do not relate to the allegations against the prison doctors and nurses lodged in his complaint. (*Compare* Doc. 1 *with* Doc. 5). Because the court must liberally construe McQueen's pleadings as he proceeds *pro se*, the court considered the arguments raised in his Motion for Trial in relation to the allegations McQueen raised in his complaint. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015) (citing *Hughes v. Lott*, 350F.3d 1157, 1160 (11th Cir. 2003)) (A *pro se* pleading "is held to a less stringent standard than a pleading drafted by an attorney" and should be liberally construed.).

² Given McQueen's allegations, the undersigned would typically notify McQueen that if he seeks release from prison, he must file a habeas petition pursuant to 28 U.S.C. § 2254. However, this court has previously denied two of McQueen's § 2254 habeas petitions on timeliness and successiveness grounds. *See Marcus McQueen v. J.C. Giles, et al.*, Case No. 2:09-cv-01505-IPJ (denied as untimely); and *Marcus McQueen v. Warden White, et al.*, Case No. 2:12-cv-01024-WMA-TMP (denied as successive). Because this court lacks jurisdiction to consider a second or successive habeas petition in the absence of authorization from the Eleventh Circuit Court of Appeals, *see* 28 U.S.C. § 2244(b)(3)(A), any petition McQueen filed pursuant to 28 U.S.C. § 2254 would ultimately result in dismissal without prejudice of McQueen's claims. *See*, *e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court." (citing 28 U.S.C. § 2244(b)(3)(A)); *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (per curiam) (holding the district court lacked jurisdiction to entertain second habeas petition because petitioner failed to obtain authorization from the appellate court).

properly raised in a civil rights action under § 1983. However, when an inmate raises any challenge to the "lawfulness of confinement or [the] particulars affecting its duration," his claim falls solely within "the province of habeas corpus"….

468 F.3d 750, 754 (11th Cir. 2006) (internal citations omitted).

And finally, with respect to McQueen's motion for leave to proceed *in forma pauperis*: McQueen does not dispute that he previously filed at least three cases or appeals that courts dismissed as frivolous or for failing to state a claim upon which relief may be granted.[3] (*See generally* Docs. 5, 6). Therefore, the Court need only consider whether McQueen satisfies the "imminent danger of serious physical injury" exception contained in 28 U.S.C. § 1915(g). *See*, *e.g.*, *Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021) ("A prisoner with three strikes can avoid § 1915(g)'s bar to proceeding IFP only by showing that he is under imminent danger of serious physical injury.") (quotation marks omitted); *Mitchell v. Nobles*, 873 F.3d 869, 872 (11th Cir. 2017) ("[T]he sole exception to the three strikes bar is where 'the prisoner is under imminent danger of serious physical injury.'") (quoting 28 U.S.C. § 1915(g)).

---

[3] McQueen argues he should not be held to 28 U.S.C. § 1915(g)'s three strikes provision because he does not stand a "prisoner" within the meaning of that section due to the invalidity of his state court conviction pursuant to which the Alabama Department of Corrections detains him. (Doc. 6 at 3). For purposes of § 1915, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." McQueen proffered no evidence that his conviction and/or sentence have been overturned by a court of competent jurisdiction. As such, he stands a prisoner subject to the three strikes provision contained in § 1915(g).

3

McQueen asserts the following in his filings with the court: (1) prison doctors and nurses "have neglected [McQueen's] problems," (doc. 1 at 4); (2) named and unnamed individuals placed "hits" on McQueen's head using boyfriends and ex-boyfriends, (doc. 6 at 2); and (3) "[i]nmates" beat McQueen with broom sticks, mop stocks, and home-made weapons, (doc. 6 at 3). McQueen's threadbare allegations fail to establish he is under imminent danger of serious physical injury, and thus, do not suffice to overcome § 1915(g)'s three strikes bar. *See Daker*, 999 F.3d at 1311 ("General assertions, however, are 'insufficient to invoke the exception to § 1915(g) absent specific factual allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.") (quotation marks omitted).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Magistrate Judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. McQueen's motion for leave to proceed *in forma pauperis* is **DENIED**. (Doc. 2). McQueen's Motion for Trial is **DENIED**. (Doc. 5). Because McQueen failed to pay the filing and administrative fees of $402.00 at the time he filed this complaint, the court **DISMISSES** this action **WITHOUT PREJUDICE**. McQueen may initiate a new civil rights action by completing and filing a new civil rights complaint form and paying the filing and administrative fees of $402.00.

For information regarding the cost of appeal, see the attached notice.

The Clerk is **DIRECTED** to serve a copy of this order and a § 1983 complaint form on McQueen.

**DONE** and **ORDERED** June 28, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

**United States Court of Appeals**
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith In Replying Give Number
Clerk of Court of Case and Names of Parties

### NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

 The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that <u>all</u> prisoners pay the Court's $500 docket fee plus $5 filing fee (for a total of $505) when appealing any civil judgment.

 If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1) Pay the total $505 fee to the clerk of the district court from which this case arose; *or*

(2) arrange to have a prison official certify to the district court from which the appeal arose the <u>average</u> monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

 If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the <u>average</u> monthly deposits or of the <u>average</u> monthly balances shown in your prison account. The remainder of the total $505 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $505 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $505 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

 Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $505 fee is collected, even if an appeal is unsuccessful.

 David J. Smith
 Clerk of Court

 PLRA Notice